**STATE of Missouri, Respondent,**

v.

**Gerard Lamont STRONG, Appellant.**

No. 56160.

Missouri Court of Appeals,
Eastern District,
Division One.

March 6, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction of tampering with a witness. Defendant was sentenced to one year imprisonment in the St. Louis Medium Security Institution. We affirm.

Defendant was charged with one count of rape and one count of tampering with a witness. The jury acquitted defendant on the rape count but convicted him on the tampering with a witness count. Defendant, who is black, challenges his conviction alleging he was denied equal protection in that the State used all of its six peremptory challenges to remove black venire persons from the jury panel. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

■ The *Batson* court formulated a three-part test to determine whether a black defendant has made a prima facie showing of purposeful discrimination in the selection of the petit jury through the State's use of its peremptory challenges: first, defendant must show he and the excluded jurors are members of the same cognizable racial group; second, the defendant is entitled to rely on the fact that peremptory challenges constitute a jury selection practice that permits discrimination; finally, defendant must show these facts and any other relevant circumstances raise an inference the State used that practice to exclude venire persons from the petit jury on account of race. *Benton v. State*, 779 S.W.2d 319, 321[1] (Mo.App.1989), citing *Batson*, 106 S.Ct. at 1723. In deciding whether the defendant has made a prima facie showing, the reviewing court is required to give substantial deference to the decision of the trial judge. *State v. Crump*, 747 S.W.2d 193, 195[1–3] (Mo.App. 1988).

■ Here, the trial court determined the defendant failed to make a prima facie showing. We agree. Defendant makes the first two parts of a prima facie showing: defendant is a member of the same racial group as the excluded jurors and he may rely on the fact the peremptory challenge allows discrimination in jury selection. However, defendant fails at the third

showing. There were twenty-seven members on the panel from which the jury was selected—fourteen blacks and thirteen whites. The prosecutor used her peremptory challenges to remove six black members and one black alternate. This left six blacks and six whites serving on the final panel. The fact that six blacks remained on the jury panel after the prosecutor used her peremptory challenges undercuts any inference of discrimination that may arise. *Crump*, 747 S.W.2d at 196[6]; *Benton*, 779 S.W.2d at 322[5].

Defendant contends that the State did not give racially neutral reasons for excluding venire persons. We have reviewed the record and determine the prosecutor offered sufficient reasons for her strikes and the trial court made sufficient findings of fact showing the strikes were not made in a racially discriminatory manner. Defendant has suffered no demonstrable prejudice. *State v. Vincent*, 755 S.W.2d 400, 403 (Mo.App.1988). Defendant's point is denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.