v.

Haze SHUMPERT, Appellant.

No. 54431.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 29, 1990.

STATE of Missouri, Respondent,

v.

Marvin JENNINGS, Appellant.

No. 56263.

Missouri Court of Appeals,
Eastern District,
Division One.

May 29, 1990.

---

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals a jury conviction of unlawful use of a weapon. He was sentenced as a prior offender to a term of five years' imprisonment to be served concurrently with a previously imposed sentence in another case. We affirm.

In defendant's sole point on appeal, he contends the trial court abused its discretion in permitting trial to proceed after the State used all of its seven peremptory challenges to strike black venire persons from the jury panel. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We reject defendant's claim of error on appeal.

Defendant is black. After strikes for cause were made, the State exercised six of its seven peremptory strikes to remove blacks from the venire panel. The State then used its alternate strike to remove a black from the panel. Defendant also used a strike to remove a black from the venire panel. The final jury panel consisted of six blacks and six whites. The fact that six blacks remained on the jury panel after the State used its peremptory challenges undercuts any inference of discrimination that may arise. *State v. Strong*, 785 S.W.2d 316, 316–17 (Mo.App.1990); *State v. West*, 766 S.W.2d 103, 112[9] (Mo.App.1989). The trial court's judgment is not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.